# Supreme Court of Florida

_____

No. SC21-626

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUVENILE
PROCEDURE 8.095.**

December 16, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed

amendments to Florida Rule of Juvenile Procedure 8.095 (Procedure

When Child Believed to be Incompetent or Insane).  *See* Fla. R. Gen.

Prac. & Jud. Admin. 2.140(b).  We have jurisdiction.  *See* art. V,

§ 2(a), Fla. Const.

The Florida Bar's Juvenile Court Rules Committee (Committee)

proposes substantial amendments to rule 8.095.  The amendments

reorganize the provisions of the rule.  They also clarify the

procedure the court is to follow when it must determine whether a

child is incompetent at the time of delinquency proceedings or was

insane at the time of a delinquent act or violation of probation.  The

Board of Governors of The Florida Bar unanimously approved the

Committee's proposal, which the Court published in the July 2021 issue of *The Florida Bar News*.  One comment was received from the Florida Public Defender Association (FPDA).  The Committee filed a response to the FPDA's comment.

Having considered the Committee's report, FPDA's comment, and the Committee's response, the Court hereby adopts the Committee's proposed amendments to rule 8.095 with minor modifications.[1]

First, subdivision (a) is retitled as "Proceedings Barred During Incompetency" and new text is added to clarify that delinquency proceedings are barred when a juvenile is incompetent.  The text of former subdivision (a) is moved to new subdivision (b) (Procedure for Children Believed to be Incompetent During a Delinquency Proceeding), which sets out the procedure to be followed when a juvenile is believed to be incompetent at the time of the juvenile proceedings.  Next, new subdivision (c) (Procedure for Children Believed to be Insane at Time of Delinquent Act or Violation of

---

1.  The Court's modifications are largely technical in nature or add titles to subdivisions for clarity and consistency.

Probation) sets forth the procedure to be followed when a juvenile is believed to have been insane at the time of the delinquent act or probation violation, what had previously been the subject of former subdivision (b). Finally, former subdivisions (c) (Appointment of Expert Witnesses; Detention of Child for Examination), (d) (Competence to Proceed; Scope of Examination and Report), and (e) (Procedures After Judgment of Not Guilty by Reason of Insanity), which have been deleted, are reorganized under new subdivisions (b) and (c), as applicable.

Accordingly, Florida Rule of Juvenile Procedure 8.095 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Candice K. Brower, Chair, Juvenile Court Rules Committee, Gainesville, Florida, Matthew Charles Wilson, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Hon. Carlos J. Martinez and John Eddy Morrison on behalf of the Florida Public Defender Association, Inc., Miami, Florida,

Responding with comments

**APPENDIX**

**RULE 8.095.    PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT OR INSANE**

(a) ~~Incompetency At Time of Adjudicatory Hearing or Hearing on Petition Alleging Violation of Juvenile Probation in Delinquency Cases.~~ **Proceedings Barred During Incompetency.** A child accused of a delinquent act or violation of probation who is mentally incompetent to proceed at any material stage of a delinquency proceeding shall not be proceeded against while incompetent. These proceedings shall be tolled upon the filing of a motion or order pursuant to subdivision (b)(1) until a finding by the court that the child is competent to proceed.

**(b)  Procedure for Children Believed to be Incompetent During a Delinquency Proceeding.**

(1)    *Motion and Order.*

(A)    Child's Motion. A written motion for examination of the child made by counsel for the child shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the child is incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific facts, observations of and/or conversations with the child that have formed the basis for the motion.

(B)    State's Motion. A written motion for examination of the child made by counsel for the state shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the child is incompetent to proceed and shall include a recital of the specific facts that have formed the basis for the motion, including a recitation of the observations of and statements of the child that have ~~caused the state to file~~formed the basis for the motion.

- 5 -

(C) Court Order. The court may on its own motion order the child to be examined if the court believes the child is incompetent to proceed. The order shall include a recitation of the specific facts, including any observations or statements of the child that the court believes are relevant to the issue of incompetency.

(2) *Speedy Trial Tolled.* Upon the filing of a motion suggesting the child to be incompetent to proceed or upon an order of the court finding a child incompetent to proceed, speedy trial shall be tolled until a subsequent finding of the court that the child is competent to proceed.

(3) ~~*Child Found Competent to Proceed.* If at the hearing provided for in subdivision (a)(2) the child is found to be competent to proceed with an adjudicatory hearing, the court shall enter an order so finding and proceed accordingly~~*Detention.* This rule shall in no way be construed to add any detention powers not provided by statute or case law.

(4) *Setting Hearing.* ~~If at any time prior to or during the adjudicatory hearing or hearing on a violation of juvenile probation the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state~~Upon the filing of a motion or order pursuant to subdivision (b)(1), the court shall immediately stay the proceedings and ~~fix a time for a hearing for the determination of the child's mental condition~~schedule a hearing as expeditiously as possible to determine whether the child is competent.

(4) ~~*Child Found Incompetent to Proceed.* If at the hearing provided for in subdivision (a)(2) the child is found to be incompetent to proceed, the child must be adjudicated incompetent to proceed and may be involuntarily committed as provided by law to the Department of Children and Families for treatment upon a finding of clear and convincing evidence that:~~

(A)   The child is mentally ill or intellectually disabled and because of the mental illness or intellectual disability of the child:

(i)   the child is manifestly incapable of surviving with the help of willing and responsible family or friends, including available alternative services, and without treatment the child is likely to either suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to the child's well-being; or

(ii)   there is a substantial likelihood that in the near future the child will inflict serious bodily harm on himself or herself or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and

(B)   All available less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient settings which would offer an opportunity for improvement of the child's condition are inappropriate.

(5)   *Hearing on Competency.* Not later than 6 months after the date of commitment, or at the end of any period of extended treatment or training, or at any time the service provider determines the child has attained competency or no longer meets the criteria for commitment, the service provider must file a report with the court and all parties. Upon receipt of this report, the court shall set a hearing to determine the child's competency.

(A)   If the court determines that the child continues to remain incompetent, the court shall order appropriate nondelinquent hospitalization or treatment in conformity with this rule and the applicable provisions of chapter 985, Florida Statutes.

(B)   If the court determines the child to be competent, it shall enter an order so finding and proceed accordingly.*Expert Witnesses.*

(A)    Non-confidential Evaluation. When a question has been raised concerning the competency of the child, the court may on its own motion, and shall on motion of the state or the child, appoint no more than 3, nor fewer than 2, disinterested, qualified experts to examine the child as to the child's competency. Attorneys for the state and the child may be present at the examination.

(B)    Confidential Evaluation. When counsel has reason to believe that the child may be incompetent to proceed, counsel may retain a qualified expert to examine the child. The expert shall report only to counsel for the child, and all matters related to the expert fall under the lawyer-client privilege.

(C)    Intellectual Disability or Autism Evaluation. When counsel has reason to believe the child is incompetent to proceed because of intellectual disability or autism, the court shall order the Agency for Persons With Disabilities to examine the child to determine if the child meets the definition of intellectual disability or autism in section 393.063, Florida Statutes, and, if so, whether the child is competent to proceed.

(6)    *Commitment.* Each child who has been adjudicated incompetent to proceed and who meets the criteria for commitment in subdivision (a)(4) must be committed to the Department of Children and Families. The department must train or treat the child in the least restrictive alternative consistent with public safety. Any commitment of a child to a secure residential program must be to a program separate from adult forensic programs. If the child attains competency, case management and supervision of the child will be transferred to the Department of Juvenile Justice to continue delinquency proceedings. The court retains authority, however, to order the Department of Children and Families to provide continued treatment to maintain competency.

(A)    A child adjudicated incompetent because of intellectual disability may be ordered into a program designated by the Department of Children and Families for intellectually disabled children.

- 8 -

(B)   A child adjudicated incompetent because of mental illness may be ordered into a program designated by the Department of Children and Families for mentally ill children. *Scope of Examination and Report.* The experts shall examine the child with respect to the issue of competence to proceed as specified by the following factors:

(A)   Criteria for Determining Competence. The experts first shall consider factors related to whether the child meets the criteria for competence to proceed; that is, whether the child has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the child has a rational and factual understanding of the present proceedings.

(B)   Relevant Factors. In considering the competence of the child to proceed, the examining experts shall consider and include in their reports the child's capacity to:

(i)   appreciate the charges or allegations against the child;

(ii)   appreciate the range and nature of possible penalties that may be imposed in the proceedings against the child, if applicable;

(iii)   understand the adversary nature of the legal process;

(iv)   disclose to counsel facts pertinent to the proceedings at issue;

(v)   display appropriate courtroom behavior; and

(vi)   testify relevantly.

The experts also may consider any other factors they deem to be relevant.

(C)     Written Report. Any report shall be in writing and include a finding as to whether the child is competent or incompetent to proceed and include the basis for the determination. The report shall also:

(i)     identify the specific matters referred for evaluation;

(ii)     describe the procedures, techniques, and tests used in the examination and the purposes of each;

(iii)     state the expert's clinical observations, opinions, and opinions on each issue referred for evaluation by the court and indicate specifically those issues, if any, on which the expert could not give an opinion; and

(iv)     identify the sources of information used by the expert and present the factual basis for the expert's clinical opinions.

(D)     Treatment Recommendations. Any report finding that a child is incompetent to proceed, must include any recommended treatment for the child to attain competence to proceed and a recommendation as to whether residential or nonresidential treatment or training is required. In considering issues related to treatment, the experts shall report on the following:

(i)     the mental illness, intellectual disability, or mental age causing incompetence;

(ii)     the treatment or education appropriate for the mental illness or intellectual disability of the child and an explanation of each of the possible treatment or education alternatives, in order of recommendation;

(iii)     the availability of acceptable treatment or competency restoration training. If treatment or competency

restoration training is available in the community, the experts shall so state in the report;

(iv)    the likelihood of the child attaining competence under the treatment or competency restoration training recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the child will attain competence to proceed in the foreseeable future; and

(v)    whether the child meets the criteria for involuntary commitment to a secure facility pursuant to subdivision (b)(8)(B).

(7)    ~~*Continuing Jurisdiction and Dismissal of Jurisdiction.*~~

~~(A)    If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition or petition alleging violation of juvenile probation.~~

~~(B)    If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition.~~

~~(C)    If necessary, the court may order that proceedings under chapter 393 or 394, Florida Statutes, be instituted. Such proceedings must be instituted no less than 60 days before the dismissal of the delinquency petition. The juvenile court may conduct all proceedings and make all determinations under chapter 393 or 394, Florida Statutes.~~*Competency Evidence.*

(A)    The information contained in any motion for determination of competence to proceed or in any report filed under this rule as it relates solely to the issue of competence to proceed,

- 11 -

and any information elicited during a hearing on competence to proceed shall be used only for the purposes of the competency hearing.

(B)   The child waives this provision by using the report, or any parts of it, in any proceeding for any other purpose. If so waived, the disclosure or use of the report, or any portion of it, shall be governed by the applicable rules of evidence and juvenile procedure. If a part of a report is used by the child, the state may request the production of any other portion that, in fairness, ought to be considered.

(C)   The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify during a hearing on competency. Other competent evidence may be introduced at the hearing.

(8)   *Treatment Alternatives to Commitment.* ~~If a child who is found to be incompetent does not meet the commitment criteria of subdivision (a)(4), the court shall order the Department of Children and Families to provide appropriate treatment and training in the community. All court-ordered treatment must be in the least restrictive setting consistent with public safety. Any residential program must be separate from an adult forensic program. If a child is ordered to receive such services, the services shall be provided by the Department of Children and Families. The competency determination must be reviewed at least every 6 months, or at the end of any extended period of treatment or training, and any time the child appears to have attained competency or will never attain competency, by the service provider. A copy of a written report evaluating the child's competency must be filed by the provider with the court, the Department of Children and Families, the Department of Juvenile Justice, the state, and counsel for the child.~~*Competency Hearing.*

(A)   Competence to Proceed—Hearing.

(i)   All determinations of competency must be made at a hearing with findings of fact based on testimony, other

- 12 -

competent evidence, or stipulated evidence of the child's mental condition. The court must conduct the hearing in the presence of the child unless the child's appearance is waived and the court finds the child's presence is unnecessary to make the determination of competency.

(ii)     Any expert appointed by the court may be called by either party or the court. The appointment of experts by the court shall not preclude the state or the child from calling other witnesses to testify at the competency hearing.

(iii)    The moving party has the burden to prove that the child is not competent to proceed. The standard of proof shall be by a preponderance of the evidence.

(iv)    The child is presumed competent to proceed unless the child has been adjudicated incompetent in a prior case before the court and competency has not been restored.

(B)    Findings by the Court.

(i)     If the court finds the child incompetent to proceed, the court must also make a finding as to whether the child is incompetent because of mental illness, intellectual disability, autism, age, immaturity, or for any other reason specified by the court.

a.     After the court makes a finding as to the reason of the incompetency, the court must determine whether the child qualifies under subdivision (b)(8)(C) to be committed to the Department of Children and Families for treatment or training.

b.     If the court commits the child to the Department of Children and Families, the court then must determine whether the child meets the criteria for involuntary commitment to a secure facility. The determination whether the child meets the criteria for involuntary commitment to a secure facility shall be made by clear and convincing evidence.

(ii)     If the court finds the child competent to proceed, the court shall enter a written order so finding and proceed accordingly.

(C)     Child Found Incompetent to Proceed because of Mental Illness, Intellectual Disability, or Autism.

(i)     If at the competency hearing the child is found to be incompetent to proceed because of mental illness, intellectual disability, or autism, the child must be adjudicated incompetent to proceed. If the child is adjudicated incompetent and the alleged delinquent act or violation of law is a felony, the child must be committed to the Department of Children and Families for treatment and competency restoration.

(ii)     The court must also determine whether the child meets the criteria for involuntary commitment to a secure facility. A child may be placed in a secure facility or program if the court makes a finding by clear and convincing evidence that:

a.     the child is manifestly incapable of surviving with the help of willing and responsible family or friends, including available alternative services, and without treatment or training the child is likely to either suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to the child's well-being; or

b.     there is a substantial likelihood that in the near future the child will inflict serious bodily harm on himself or herself or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and

c.     all available less restrictive treatment alternatives, including treatment or training in community residential facilities or community inpatient settings which would offer an opportunity for improvement of the child's condition are inappropriate.

(D) Child Found Incompetent to Proceed because of Age, Immaturity, or for Any Reason Other Than for Mental Illness, Intellectual Disability, or Autism. A child who has been adjudicated incompetent to proceed because of age or immaturity, or for any reason other than for mental illness, intellectual disability, or autism, cannot be committed to the Department of Children and Families for treatment and competency restoration.

(E) Child Found Incompetent to Proceed Whose Alleged Delinquent Act or Violation of Law is a Misdemeanor or Municipal Ordinance. A child whose alleged delinquent act or violation of law is a misdemeanor or municipal ordinance cannot be committed to the Department of Children and Families for treatment and competency restoration.

(9) *Speedy Trial Tolled.* ~~Upon the filing of a motion by the child's counsel alleging the child to be incompetent to proceed or upon an order of the court finding a child incompetent to proceed, speedy trial shall be tolled until a subsequent finding of the court that the child is competent to proceed. Proceedings under this subdivision initiated by the court on its own motion or the state's motion may toll the speedy trial period pursuant to rule 8.090(e).~~*Secure Placement.*

(A) Each child who has been adjudicated incompetent to proceed and who meets the criteria for involuntary commitment to a secure facility in subdivision (b)(8) must be committed to the Department of Children and Families. Any commitment of a child to a secure residential program must be to a program separate from adult forensic programs.

(B) A child adjudicated incompetent because of mental illness may be ordered into a program designated by the Department of Children and Families for mentally ill children.

(C) A child adjudicated incompetent because of intellectual disability or autism may be ordered into a program designated by the Department of Children and Families for intellectually disabled or autistic children.

(D)    The competency determination must be reviewed by the service provider at least every 6 months, or any time the child appears to have attained competency or will never attain competency. The service provider must file a written report evaluating the child's competency and must provide copies to the Department of Children and Families, the Department of Juvenile Justice, the state, and counsel for the child.

(E)    If a court determines a child to be competent, case management and supervision of the child will be transferred to the Department of Juvenile Justice to continue delinquency proceedings. The court retains authority, however, to order the Department of Children and Families to provide continued treatment to maintain competency.

(10)  *Community Treatment.*

(A)    If a child who is found to be incompetent does not meet the involuntary commitment to a secure facility criteria of subdivision (b)(8)(B), the court shall order the Department of Children and Families to provide appropriate treatment and training in the community. All court-ordered treatment must be in the least restrictive setting consistent with public safety. Any treatment program must be separate from an adult treatment program. If a child is ordered to receive such services, the services shall be provided by the Department of Children and Families.

(B)    The competency determination must be reviewed by the service provider at least every 6 months, or any time the child appears to have attained competency or will never attain competency. The service provider must file a written report evaluating the child's competency and must provide copies to the Department of Children and Families, the Department of Juvenile Justice, the state, and counsel for the child.

(11)  *Competency Restoration Review.* Not later than 6 months after the date of commitment, or at the end of any period of extended treatment or competency restoration, or at any time the

service provider determines the child has attained competency or no longer meets the criteria for involuntary commitment to a secure facility, the service provider must file a report with the court and all parties. Upon receipt of this report, the court shall set a hearing within a reasonable time to determine the child's competency. If the child remains incompetent to proceed, the court shall determine whether the child meets the criteria for commitment to a secure facility.

(A)    If the court determines the child to be incompetent, the court shall order continued competency restoration and training. A child may only be involuntarily committed to a secure facility if the court finds the child meets the criteria outlined in subdivision (b)(8)(B).

(B)    If the court determines the child to be competent, it shall enter an order so finding and proceed accordingly.

(12)  *Continuing Jurisdiction and Dismissal of Jurisdiction.*

(A)    If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the case.

(B)    If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the case.

(C)    If necessary, the court may order that proceedings under chapter 393 or 394, Florida Statutes, be instituted. Such proceedings must be instituted no less than 60 days before the dismissal of the delinquency petition. The juvenile court may conduct all proceedings and make all determinations under chapter 393 or 394, Florida Statutes.

- 17 -

**(b)   Insanity at Time of Delinquent Act or Violation of Juvenile Probation.**

~~(1)   If the child named in the petition intends to plead insanity as a defense, the child shall advise the court in writing not less than 10 days before the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as possible the nature of the insanity expected to be proved and the names and addresses of witnesses expected to prove it. Upon the filing of this statement, on motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures in this rule.~~

~~(2)   The court, upon good cause shown and in its discretion, may waive these requirements and permit the introduction of the defense, or may continue the hearing for the purpose of an examination in accordance with the procedures in this rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.~~

**(c)   Procedure for Children Believed to be Insane at Time of Delinquent Act or Violation of Probation.**

(1)   *Expert to Aid Defense Counsel.* When in any delinquency case a child is adjudged indigent or partially indigent, and is not represented by the public defender or regional counsel, and counsel has reason to believe that the child may have been insane at the time of the offense or probation violation, counsel may so inform the court who shall appoint 1 expert to examine the child in order to assist counsel in the preparation of the defense. The expert shall report only to the attorney for the child and matters related to the expert shall fall under the lawyer-client privilege.

(2)   *Notice of Intent to Rely on the Insanity Defense.* When in any delinquency case it shall be the intention of the child to rely on the defense of insanity either at an adjudicatory hearing or violation of probation hearing, no evidence offered by the child for the purpose of establishing that defense shall be admitted in the case

unless advance notice in writing of the defense shall have been given by the child as provided in this rule.

(3)     *Time for Filing Notice.* The child shall give notice of intent to rely on the defense of insanity not less than 10 days before the adjudicatory hearing or violation of probation hearing and shall provide the court with a statement of particulars showing as nearly as possible the nature of the insanity expected to be proved and the names and addresses of witnesses expected to prove it.

(4)     *Court Ordered Evaluations.* On the filing of such notice and on motion of the state, the court shall order the child to be examined by the state's mental health expert as to the sanity or insanity of the child at the time of the alleged offense or probation violation. Attorneys for the state and the child may be present at the examination.

(5)     *Waiver of the Time to File.* On good cause shown for the omission of the notice of intent to rely on the defense of insanity, or any mental health defense, the court may in its discretion grant the child 10 days to comply with the notice requirement. If leave is granted and the child files the notice, the child is deemed unavailable to proceed. If the adjudicatory hearing has already commenced, the court, only on motion of the child, may declare a mistrial in order to permit the child to raise the defense of insanity pursuant to this rule. Any motion for mistrial shall constitute a waiver of the child's right to any claim of former jeopardy arising from the uncompleted trial.

(6)     *Speedy Trial.* A continuance granted for this purpose will toll speedy trial.

(7)     *Detention.* This rule shall in no way be construed to add any detention powers not provided by statute or case law.

(8)     *Experts.* Once listed as a witness, any experts appointed by the court may be summoned to testify at the adjudicatory hearing or violation of probation hearing. Other evidence regarding the child's insanity or mental condition may be introduced by either

party. Each expert who has examined the child under this section shall state his or her opinion regarding the child's sanity.

(9) *Written Opinions of Experts.* Any written report submitted by the experts shall:

(A) identify the specific matters referred for evaluation;

(B) describe the procedures, techniques, and tests used in the examination and the purposes of each;

(C) state the expert's clinical observations and opinions as to the child's mental status; and

(D) identify the sources of information used by the expert and present the factual basis for the expert's clinical opinions.

(10) *Burden.* The child has the burden of proving the defense of insanity by clear and convincing evidence. Insanity is established when:

(A) The child had a mental infirmity, disease, or defect; and

(B) Because of this condition, the child:

(i) Did not know what he or she was doing or its consequences; or

(ii) Although the child knew what he or she was doing and its consequences, the child did not know that what he or she was doing was wrong.

(11) *Procedures after Judgment of Not Guilty by Reason of Insanity.*

(A)     When the child is found not guilty of the delinquent act or violation of probation because of insanity, the court shall enter such a finding and order.

(B)     After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involuntary commitment to a residential psychiatric facility as governed by the provisions of chapters 985, 393 or 394. If the court determines that the required criteria have been met, the child shall be committed by the juvenile court to the Department of Children and Families for immediate placement in a residential psychiatric facility.

(C)     If the court determines that such commitment criteria have not been established, the court shall order that the child receive recommended and appropriate treatment at an outpatient facility or service as governed by the provisions of chapters 985, 393 or 394, unless the court determines that treatment is not needed. If such a determination is made, the court shall discharge the child.

(D)     The requests for discharge or continued involuntary hospitalization of the child shall be directed to the court that committed the child.

(E)     If a child is not committed to a residential psychiatric facility and has been ordered to receive appropriate treatment at an outpatient facility or service and it appears during the course of the ordered treatment that treatment is not being provided or that the child now meets the criteria for involuntary commitment, the court shall conduct a hearing as governed by the provisions of chapters 985, 393 or 394. If the court determines that the child no longer requires treatment at an outpatient facility or service, the court shall enter an order discharging the child.

(F)     During the time the child is receiving treatment, either by hospitalization or through an outpatient facility or service, any party may request the court to conduct a hearing to determine

the nature, quality, and need for continued treatment. The hearing shall be governed by the provisions of chapters 985, 393 or 394.

(G)   No later than 30 days before reaching age 19, a child still under supervision of the court under this rule shall be afforded a hearing. At the hearing, a determination shall be made as to the need for continued hospitalization or treatment. If the court determines that continued care is appropriate, proceedings shall be initiated under chapters 393 or 394, Florida Statutes. If the court determines further care to be unnecessary, the court shall discharge the child.

(c)   Appointment of Expert Witnesses; Detention of Child for Examination.

(1)   When a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing, hearing on violation of juvenile probation, or a hearing to determine the mental condition of the child, the court may on its own motion, and shall on motion of the state or the child, appoint no more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency or sanity of the child at the time of the commission of the alleged delinquent act or violation of juvenile probation. Attorneys for the state and the child may be present at the examination. An examination regarding sanity should take place at the same time as the examination into the competence of the child to proceed, if the issue of competency has been raised. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at the adjudicatory hearing, hearing on violation of juvenile probation, or at the hearing to determine the mental condition of the child.

(2)   The court only as provided by general law may order the child held in detention pending examination. This rule shall in no way be construed to add any detention powers not provided by statute or case law.

(3)   When counsel for a child adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the child may be incompetent to proceed or may have been insane at the time of the alleged delinquent act or juvenile probation violation, counsel may so inform the court. The court shall appoint 1 expert to examine the child to assist in the preparation of the defense. The expert shall report only to counsel for the child, and all matters related to the expert shall be deemed to fall under the lawyer-client privilege.

(4)   For competency evaluations related to intellectual disability, the court shall order the Developmental Services Program Office of the Department of Children and Families to examine the child to determine if the child meets the definition of intellectual disability in section 393.063, Florida Statutes, and, if so, whether the child is competent to proceed or amenable to treatment through the Department of Children and Families' intellectual disability services or programs.

**(d)   Competence to Proceed; Scope of Examination and Report.**

(1)   *Examination by Experts.* On appointment by the court, the experts shall examine the child with respect to the issue of competence to proceed as specified by the court in its order appointing the experts.

(A)   The experts first shall consider factors related to whether the child meets the criteria for competence to proceed; that is, whether the child has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the child has a rational and factual understanding of the present proceedings.

(B)   In considering the competence of the child to proceed, the examining experts shall consider and include in their reports the child's capacity to:

~~(i)    appreciate the charges or allegations against the child;~~

~~(ii)    appreciate the range and nature of possible penalties that may be imposed in the proceedings against the child, if applicable;~~

~~(iii)    understand the adversary nature of the legal process;~~

~~(iv)    disclose to counsel facts pertinent to the proceedings at issue;~~

~~(v)    display appropriate courtroom behavior; and~~

~~(vi)    testify relevantly.~~

~~The experts also may consider any other factors they deem to be relevant.~~

~~(C)    Any report concluding that a child is not competent must include the basis for the competency determination.~~

~~(2)    *Treatment Recommendations.* If the experts find that the child is incompetent to proceed, they shall report on any recommended treatment for the child to attain competence to proceed. A recommendation as to whether residential or nonresidential treatment or training is required must be included. In considering issues related to treatment, the experts shall report on the following:~~

~~(A)    The mental illness, intellectual disability, or mental age causing incompetence.~~

~~(B)    The treatment or education appropriate for the mental illness or intellectual disability of the child and an explanation of each of the possible treatment or education alternatives, in order of recommendation.~~

(C)    The availability of acceptable treatment or education. If treatment or education is available in the community, the experts shall so state in the report.

(D)    The likelihood of the child attaining competence under the treatment or education recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the child will attain competence to proceed in the foreseeable future.

(E)    Whether the child meets the criteria for involuntary hospitalization or involuntary admissions to residential services under chapter 985, Florida Statutes.

(3)    *Insanity.* If a notice of intent to rely on an insanity defense has been filed before an adjudicatory hearing or a hearing on an alleged violation of juvenile probation, when ordered by the court the experts shall report on the issue of the child's sanity at the time of the delinquent act or violation of juvenile probation.

(4)    *Written Findings of Experts.* Any written report submitted by the experts shall:

(A)    identify the specific matters referred for evaluation;

(B)    describe the procedures, techniques, and tests used in the examination and the purposes of each;

(C)    state the expert's clinical observations, findings, and opinions on each issue referred for evaluation by the court and indicate specifically those issues, if any, on which the expert could not give an opinion; and

(D)    identify the sources of information used by the expert and present the factual basis for the expert's clinical findings and opinions.

(5)    *Limited Use of Competency Evidence.*

(A)   The information contained in any motion by the child for determination of competency to proceed or in any report filed under this rule as it relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held under this rule, shall be used only in determining the mental competency to proceed, the commitment of the child, or other treatment of the child.

(B)   The child waives this provision by using the report, or any parts of it, in any proceeding for any other purpose. If so waived, the disclosure or use of the report, or any portion of it, shall be governed by the applicable rules of evidence and juvenile procedure. If a part of a report is used by the child, the state may request the production of any other portion that, in fairness, ought to be considered.

**(e)   Procedures After Judgment of Not Guilty by Reason of Insanity.**

(1)   When the child is found not guilty of the delinquent act or violation of juvenile probation because of insanity, the court shall enter such a finding and judgment.

(2)   After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involuntary commitment to a residential psychiatric facility.

(A)   If the court determines that the required criteria have been met, the child shall be committed by the juvenile court to the Department of Children and Families for immediate placement in a residential psychiatric facility.

(B)   If the court determines that such commitment criteria have not been established, the court, after hearing, shall order that the child receive recommended and appropriate treatment at an outpatient facility or service.

(C)   If the court determines that treatment is not needed, it shall discharge the child.

(D)   Commitment to a residential psychiatric facility of a child adjudged not guilty by reason of insanity shall be governed by the provisions of chapters 985 or 394, Florida Statutes, except that requests for discharge or continued involuntary hospitalization of the child shall be directed to the court that committed the child.

(E)   If a child is not committed to a residential psychiatric facility and has been ordered to receive appropriate treatment at an outpatient facility or service and it appears during the course of the ordered treatment

(i)   that treatment is not being provided or that the child now meets the criteria for hospitalization, the court shall conduct a hearing pursuant to subdivision (e)(2) of this rule.

(ii)   that the child no longer requires treatment at an outpatient facility or service, the court shall enter an order discharging the child.

(F)   During the time the child is receiving treatment, either by hospitalization or through an outpatient facility or service, any party may request the court to conduct a hearing to determine the nature, quality, and need for continued treatment. The hearing shall be conducted in conformity with subdivision (e)(2) of this rule.

(G)   No later than 30 days before reaching age 19, a child still under supervision of the court under this rule shall be afforded a hearing. At the hearing, a determination shall be made as to the need for continued hospitalization or treatment. If the court determines that continued care is appropriate, proceedings shall be initiated under chapter 394, Florida Statutes. If the court determines further care to be unnecessary, the court shall discharge the child.

## Committee Notes

**2021 Amendment.** The contact information for the Department of Children and Families regarding restoration of competency is: JITP Statewide Coordinator, Mental Health Treatment Facilities, Department of Children and Families, 1317 Winewood Blvd., Bldg. 6, 3rd Floor, Tallahassee, FL 32399 SAMH.jitp@myflfamilies.com Office: 850-717-4333 Fax: 850-487-1307.